UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKIYA SAID,

                Petitioner,

    v.

TODD BLANCHE *et al.*,

                Respondents.

Case No. C26-2556-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.  She filed, through counsel, this 28 U.S.C. § 2241 habeas action, asserting her May 21, 2026, redetention violated federal regulations and her due process rights under the Fifth Amendment.  Dkt. 1, ¶¶ 31-37. Respondents filed a return (Dkt. 5), together with declarations from U.S. Department of Homeland Security ("DHS") Deportation Officer Ian Bloom (Dkt. 6) and their counsel Katherine Collins (Dkt. 7).  Petitioner filed a traverse (Dkt. 8).

Having reviewed the parties' submissions and the governing law, the Court GRANTS in part the petition (Dkt. 1) for the reasons set forth below.

    //

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.    BACKGROUND

Petitioner is a native and citizen of Ethiopia who entered the United States in 1999 "on a B-1 visa secured by her Saudi employer."  Dkt. 1, ¶¶ 1-2.  After facing what she describes as "highly abusive work conditions," she "escaped her employer" and sought asylum in the United States.  *Id.* ¶ 19.

Having overstayed her visa, Petitioner was placed in removal proceedings.  *Id.* ¶ 20.  She was scheduled to attend an immigration hearing in San Diego on February 13, 2002.  *Id.* However, Petitioner was living in Washington, D.C. at the time, and due to post-September 11 travel restrictions, she contends she was unable to fly to her immigration hearing or arrange other transportation across the country.  *Id.*  She failed to appear for the hearing, and the immigration court ordered her removed *in absentia*.  *Id.*; *see* Dkt. 7-2.

Petitioner held Temporary Protected Status ("TPS") beginning in 2002, but U.S. Citizenship and Immigration Services ("USCIS") later dismissed her motion to re-register her TPS status in 2009.  Bloom Decl., ¶¶ 12, 14.

Petitioner was not removed from the United States.  Instead, on October 21, 2004, Immigration and Naturalization Services ("INS") authorized Petitioner's release on an Order of Supervision ("OSUP").[1]  Bloom Decl., ¶ 12; *see* Dkt. 7-3.  During her release, Petitioner married her U.S. citizen partner and raised three U.S. citizen children.  Dkt. 1, ¶ 24.  Prior to her redetention, she was involved in various Ethiopian community organizations, faith organizations, and her children's schools.  *Id.*  Petitioner asserts she has been compliant with her OSUP for the last 22 years.  *Id.* ¶ 23.

---

[1] Whether Petitioner was detained for any period of time before being released on the OSUP is unclear from the record.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

On May 21, 2026, ICE arrested Petitioner after she reported for a scheduled OSUP check-in.  *Id.* ¶ 25.  She was informed that her "TPS had expired" and she was taken into custody.  *Id.*  She was transported to the NWIPC, where she remains detained.  Bloom Decl., ¶ 22.

Officer Bloom asserts that ICE "revoked Petitioner's OSUP as DHS terminated Somalia's TPS designation effective March 17, 2026, and arrested her." *Id.*  Officer Bloom does not explain why that necessitated Petitioner's arrest and redetention, particularly considering her individual TPS status ended in 2009.  *See id.* ¶ 14.

On July 20, 2026, Petitioner filed the instant petition.  Dkt. 1.

## II.      LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a).  Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States[.]"  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.      DISCUSSION

Petitioner brings two claims.  She first asserts Respondents failed to comply with federal regulations governing the revocation of her OSUP release because she was not adequately notified of the reasons for the revocation or given an informal interview to contest the revocation.  Dkt. 1, ¶ 33.  She next contends her redetention violated her due process rights under the Fifth Amendment because she was deprived of her liberty without first receiving written notice or a meaningful opportunity to be heard.  *Id.* ¶ 36 (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).  Respondents admit they "currently do not possess evidence to demonstrate that the

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

revocation of Petitioner's release complied with due process." Dkt. 5 at 7.  Respondents do not respond to Petitioner's regulatory claim.  *See generally* Dkt. 5.

Considering Respondents' concession, the Court finds Petitioner has met her burden to show her redetention failed to comply with federal regulations and due process and that she is currently "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis*, 384 F.3d at 638.

The record shows Petitioner was released on an OSUP in 2004 and thereafter lived in the United States until her May 21, 2026, redetention.  The Court finds Petitioner had a liberty interest in remaining free.  Prior to being redetained, she was not provided with notice or an opportunity to challenge the basis for her redetention.  Dkt. 1, ¶ 36.  Respondents assert Petitioner was redetained because DHS ended Somalia's TPS designation generally, but do not connect that with Petitioner's individual circumstances or explain the relevance.  Dkt. 5 at 3. First, Petitioner is Ethiopian and asserts DHS has known she is Ethiopian for ten years.  Dkt. 1, ¶ 19.  Further, any TPS status held by Petitioner expired in 2009, so the relevance of the March 2026 change in federal policy is unclear.  Even if Respondents explained the connection, they present no evidence showing they complied with 8 C.F.R. §§ 241.4(l) or 241.13(i) in revoking her OSUP, and, as noted, admit there is no evidence of constitutionally adequate process.  Dkt. 5 at 7.  On the current record, the Court finds there was a high risk of an erroneous deprivation and value in additional safeguards, and the Government has not identified any interest that necessitated forgoing pre-deprivation process.  *Mathews*, 424 U.S. at 334-35.  Accordingly, the Court finds Petitioner's due process rights were violated, and she is entitled to habeas relief.  *See, e.g., Sayaseng v. Scott*, C26-00476-RAJ, 2026 WL 972725, at *5 (W.D. Wash. 2026); *Yang v. Scott*, C26-00469-JNW, 2026 WL 632661, at *5 (W.D. Wash. Mar. 6, 2026) (collecting cases).

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

Petitioner seeks immediate release and an order preventing Respondents from redetaining her or subjecting her to electronic monitoring without first satisfying certain criteria. Dkt. 1 at 9. The Court finds immediate release warranted. *See Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1138 (W.D. Wash. 2025). However, Petitioner does not adequately establish a factual record or present legal argument to support her request for injunctive relief. That request is therefore denied without prejudice.

### IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

Petitioner's petition for writ of habeas corpus (Dkt. 1) is GRANTED in part. Within **twenty-four (24) hours**, Respondents shall release Petitioner from immigration detention on reasonable conditions consistent with those previously imposed; and within **two (2) business days**, Respondents shall file a status report with the Court confirming Petitioner's release. Petitioner's request for injunctive relief is DENIED without prejudice. The Court will entertain any post-judgment motion for attorney's fees, as requested in the petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 11th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5